

# Fourth Court of Appeals
## San Antonio, Texas

June 13, 2019

Nos. 04-18-00764-CR, 04-18-00765-CR, 04-18-00774-CR, 04-18-00775-CR, 04-18-00777-CR,
04-18-00778-CR, 04-18-00779-CR, 04-18-00780-CR, 04-18-00781-CR, 04-18-00782-CR,
04-18-00783-CR, 04-18-00784-CR, 04-18-00785-CR, 04-18-00786-CR, 04-18-00787-CR,
04-18-00788-CR, 04-18-00789-CR, 04-18-00790-CR, 04-18-00791-CR, 04-18-00792-CR,
04-18-00794-CR, & 04-18-00795-CR

The **STATE** of Texas,
Appellant

v.

Mark Anthony **GONZALEZ**, Agustin Perez, Jr., Gabriel Rene Perez, Jeremias Aguilar, Jr.,
Martin M. Rios, Jr., Steven Negrete, Fernando Jefte Mata, Eloy Canales Romo, Francisco
Antonio Rodriguez, Raymond Ryan Robinson, Winston Robert Modisette, Courtney Marie
Seilhammer, and Ahmed Mamuth
Appellees

From the County Court, Kinney County, Texas
Trial Court Nos. 10041CR, 10056CR, 10122CR, 10134CR, 9711CR, 9712CR, 9892CR,
10123CR, 10054CR, 10138CR, 10187CR, 9964CR, 10185CR, 10047CR, 10074CR,
10115CR, 10116CR, 10117CR, 10118CR, 10125CR, 10195CR, 10196CR
Honorable Spencer W. Brown, Judge Presiding

# O R D E R

On May 8, 2019, we ordered the State to show cause why these appeals should not be dismissed for lack of jurisdiction because it appeared from statements made in Kinney County's reply brief that the underlying causes had not been dismissed. *See* TEX. R. CIV. P. 18a(j)(1)(A) (providing order denying motion to recuse may be reviewed only on appeal from the final judgment); *Muhammad v. State*, No. 08-18-00125-CR, 2018 WL 3751742, at *1 (Tex. App.—El Paso Aug. 8, 2018, no pet.) (quoting TEX. R. CIV. P. 18a(j)(2) which provides an order 'denying a motion to disqualify may be reviewed by mandamus and may be appealed in accordance with other law' but stating no 'other law' allows an interlocutory appeal of an order denying a motion to disqualify in a criminal case) (not designated for publication); *Hranicky v. State*, No. 01-11-00557-CR, 2013 WL 1804495, at *1 (Tex. App.—Houston [1st Dist.] Apr. 30, 2013, pet. ref'd) (rejecting argument that court had jurisdiction to consider appeal that involved the denial of a motion to disqualify a trial judge on due process grounds) (not designated for publication) (noting appellate court abated case to trial court for clarification of order).

On June 5, 2019, the State filed a response to our show cause order in which the State appears to acknowledge the order is ambiguous. In its reply brief, Kinney County directly acknowledged the order is ambiguous. Because the order is ambiguous, we ABATE these appeals to the trial court for Judge Spencer W. Brown to clarify whether the underlying causes have been dismissed or are still pending. *See Hodo v. State*, 419 S.W.3d 382, 385 (Tex. App.—Amarillo 2010, order) ("If an appellate court is uncertain about the intent of an order to finally dispose of all claims, it can abate the appeal to permit clarification by the trial court."); Munoz v. State, No. 05-90-00257-CR, 1991 WL 98682, at *1 (Tex. App.—Dallas June 10, 1991, no pet.) (noting appeal was abated for trial court to clarify order); *cf. Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001) ("If the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court."). Judge Brown is ORDERED to cause a supplemental clerk's record to be filed in these appeals no later than two weeks from the date of this order containing an order clarifying whether the underlying causes have been dismissed or are still pending.

It is so ORDERED on this 13th day of June, 2019.

PER CURIAM

ATTESTED TO:

KEITH E. HOTTLE,
Clerk of Court